# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 94 C 897 | **DATE** | 1/9/2001 |
| **CASE TITLE** | *95 C 2808* In Re: Brand Name Prescription Drugs (This Document Relates To: Case Nos. 94 C 2355, 94 C 3606, 94 C 7451, 95 C 0663, 95 C 1001, 95 C 1083, 95 C 2617, 95 C 2805, 95 C 2808 and 95 C 5415) | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Manufacturer Defendants' motion (Doc 4577-1) to preclude certain plaintiffs' use of expert evidence is granted. Plaintiffs in the Bob's Pharmacy, Haven Pharmacy, Lawrence Adams, Paradise Drugs, Robar One, Inc., Friendly Pharmacy, Fullerton Drug Co., Marc Glassman, Sunshine & Shadow Enterprises, and Touhy Pharmacy cases are hereby precluded from presenting expert evidence at any adjudication of their Sherman Act claims. (Docs 4593-1, 4599-1, 4609-1 are moot.)
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 24 number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JAN 10 2001 date docketed | 7 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | *mw* docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 1/9/2001 date mailed notice | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | SCT mailing deputy initials | |

| | | |
|---|---|---|
| IN RE BRAND NAME PRESCRIPTION DRUGS ANTITRUST LITIGATION | ) ) ) | 94 C 897 |
| This Document Relates To: | ) ) ) | MDL 997 |
| Case Nos. 94 C 2355, 94 C 3609, 94 C 7451, 95 C 0663, 95 C 1001, 95 C 1083, 95 C 2617, 95 C 2805, 95 C 2808, and 95 C 5415 | ) ) ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on the Manufacturer Defendants' motion to preclude certain plaintiffs' use of expert evidence. For the reasons set forth below, the motion is granted.

## BACKGROUND

The plaintiffs in the above-captioned cases ("Plaintiffs"), along with tens of thousands of other retail pharmacies, filed suit in the early 1990s against virtually all of the leading manufacturers and wholesalers of brand name prescription drugs. Pursuant to orders of the Judicial Panel for Multidistrict Litigation, the cases were consolidated in this Court as MDL 997 for coordinated or consolidated pretrial proceedings. A class was certified on November 18, 1994, but Plaintiffs and thousands of others opted out of the class.

On May 26, 1994, this Court issued Pretrial Order No. 3, which required the parties in all MDL 997 cases to submit any expert reports by June 30, 1995. On April 21, 1995, the deadline was extended to September 29, 1995. Although certain plaintiffs submitted expert reports by the September 29 deadline, no experts were designated by or reports received from the plaintiffs in the Bob's Pharmacy, Haven Pharmacy, Lawrence Adams, Paradise Drugs, and Robar One, Inc. cases (collectively, the "Kahn Plaintiffs") or the Friendly Pharmacy, Fullerton Drug Co., Marc Glassman, Sunshine & Shadow Enterprises, and Touhy Pharmacy cases (collectively, the "Other Opt-Out Plaintiffs"). Instead, the Kahn Plaintiffs waited until the February 28, 2000 deadline for the parties to update existing expert reports to notify the defendants that "[i]n order to avoid needless duplication, [we] hereby adopt the expert reports and damage models of the other opt-out plaintiffs in these consolidated cases." The Other Opt-Out Plaintiffs took no action whatsoever with respect to expert discovery.

The manufacturer defendants ("Defendants") object to the Kahn Plaintiffs' attempt to designate experts and adopt expert reports more than four years after the court-ordered deadline. They seek an order precluding the Kahn and Other Opt-Out Plaintiffs from presenting, in any manner, any expert evidence in any adjudication of their Sherman Act claims.

## LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure requires a party to disclose the identity of any person who may be called to give expert testimony at trial and to submit a written report prepared and signed by the witness. Fed. R. Civ. P. 26(a)(2)(A) and (B). These disclosures must be made "at the times and in the sequence directed by the court." Fed. R. Civ. P. 26(a)(2)(C). Pursuant to Fed. R. Civ. P. 37(c)(1), "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."

The determination of whether a particular violation of Rule 26(a) is justified or harmless is left to the broad discretion of the district court. Finley v. Marathon Oil Co., 75 F.3d 1225, 1231 (7th Cir. 1990); Woodworker's Supply, Inc. v. Principal Mut. Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999). In determining whether to allow the offending parties to utilize the evidence in question, we look to the following factors: (1) the degree of surprise or prejudice to the blameless party; (2) the capability of the offender to cure any resulting prejudice; (3) the amount of disruption to the trial that would result from permitting the use of the evidence; and (4) the bad faith involved in not producing the evidence at an earlier date. Bronk v. Ineichen, 54 F.3d 435, 428 (7th

- 3 -

Cir. 1995) (citing Spray-Rite Svc. Corp. v. Monsanto Co., 684 F.2d 1226, 1245 (7th Cir. 1982).

## DISCUSSION

It is clear that Plaintiffs did not make the required expert disclosures "at the times and in the sequence directed by the court." Their notification came nearly four and a half years after the September 29, 1995 deadline for disclosure of experts and submission of expert reports. Nevertheless, Plaintiffs argue that, for various reasons, they either had substantial justification for their delay or that such delay is harmless. Certain plaintiffs also argue that, as a matter of fundamental fairness, we should permit them to adopt other plaintiffs' expert reports notwithstanding the passing of the deadline. We address each of Plaintiffs' arguments in turn.

### I. Timeliness of the motion

Plaintiffs[1] first argue that Defendants should have filed their motion in 1995, when the period for designation of experts expired. There was no reason for Defendants to object at that time, however, as they were not then aware that Plaintiffs intended to adopt expert reports prepared for other plaintiffs. This intention was first announced in the Kahn Plaintiffs' February 28, 2000 letter. Defendants have therefore not delayed unnecessarily in requesting the relief they now seek.

---

[1] Although certain Plaintiffs have not responded to Defendants' motion, our analysis and conclusions apply to all cases referred to in the motion.

-4-

## II. Waiver

Plaintiffs next argue that Defendants waived their right to object by allowing Plaintiffs to adopt the class and other opt-out plaintiffs' responses to Defendants' motions for summary judgment, since those responses included expert testimony. Plaintiffs' one-sentence motion to adopt did not include or refer to any expert testimony. In the context of this vast and complex litigation, such a brief, pro forma document cannot reasonably be read as triggering an obligation for Defendants to determine what particular evidence Plaintiffs intended to rely on at trial and air all relevant evidentiary objections. By failing to object at that time, Defendants did not waive their right to now argue that Plaintiffs should be precluded from introducing new expert evidence in their individual cases.

## III. Substantial justification

Plaintiffs further contend that they were justified in missing the September 1995 disclosure deadline. They claim that the discovery schedule set forth in Pretrial Order No. 3 was adopted with a single, consolidated Sherman Act trial in mind. According to Plaintiffs, they assumed that such a format would automatically enable them to rely on other plaintiffs' evidence, and they therefore refrained from retaining or designating experts of their own by the Rule 26 deadline.

Plaintiffs had no basis to presume, in September of 1995, that the opt-out plaintiffs' Sherman Act claims would be tried together. By July 7, 1995 at the latest, when we denied the manufacturer defendants' motion to consolidate the opt-out plaintiffs' Sherman Act claims, it was clear that the cases would be tried separately. Plaintiffs' purported assumption that there would be a single trial does not, therefore, excuse their delay in making Rule 26 disclosures.

## IV. Prejudice

Plaintiffs also contend that their failure to timely disclose their intent to rely on other plaintiffs' experts was harmless. Because the experts were identified before the 1995 deadline by other plaintiffs, Defendants have already examined their reports and taken their depositions. Plaintiffs argue, therefore, that Defendants will not be prejudiced by Plaintiffs' use of the evidence in their own cases.

We recently rejected an identical position taken by the Boies Gravante plaintiffs in their MDL 997 opt-out cases. See Memorandum Opinion and Order of June 2, 2000. Like Plaintiffs here, the Boies Gravante plaintiffs revealed for the first time on February 28, 2000 that they intended to rely on certain information and expert reports that had been prepared for, and disclosed by, other plaintiffs. When the defendants moved to preclude use of the evidence, the Boies Gravante plaintiffs argued that the defendants would not be prejudiced since other plaintiffs had retained the experts at

issue and the defendants had previously deposed them. We disagreed, explaining that although the evidence itself was not new,

> the intended use of the information and expert opinions has materially changed. Prior to Plaintiffs' supplement, the thrust of the information and expert discovery was geared towards other Plaintiffs, and was not directed towards the claims of these particular Plaintiffs. As such, Defendants had no reason to test the experts on their putative opinions and the documents at issue *as they pertain to these particular plaintiffs*. Similarly, Defendants did not direct their own experts to analyze and prepare counter-opinions specific to these particular Plaintiffs. Memorandum Opinion at 7 (emphasis added).

Our earlier rationale applies in this instance with equal force. It is irrelevant that, as Plaintiffs emphasize, the expert testimony on which Plaintiffs seek to rely is the same as that provided by other plaintiffs five years ago. The same was true in the Boies Gravante cases. The real issue is whether Defendants were notified in a timely manner of the need to marshal evidence regarding the experts' opinions on the facts of a particular case. It is clear, in light of Plaintiffs' four and a half year delay, that in the cases at issue Defendants did not receive the necessary notice. If we allowed Plaintiffs to use the other parties' expert evidence, we would therefore be required, as a matter of fairness, to re-open discovery to permit Defendants to conduct additional depositions and submit supplemental expert reports of their own. This we are unwilling to do at this advanced stage of the proceedings. We therefore reject the argument that permitting Plaintiffs to use expert testimony they failed to disclose by the September 1995 deadline would be harmless within the meaning of Rule 37.

## V. Equity

Finally, Plaintiffs ask the Court to exempt them from the requirements of Rule 26 as a matter of fairness. They complain that their cases have been placed on the back burner pending the outcome of the class trial and assert that "those riding the caboose [should] not be required to spend the thousands of dollars to retain an expert witness to present a report six or seven years before trial." The time to present this concern was five years ago, when the coordinated discovery and trial schedules were being set. Plaintiffs' disagreement with this Court's order is no excuse for violating it. Defendants and the remaining opt-out plaintiffs have operated for five years under the assumption that all parties were complying with the established discovery schedule. Fairness therefore does not dictate that we carve out exceptions to the Pretrial Order at this late date – it requires that we enforce it.

Accordingly, Defendants' motion to preclude Plaintiffs' use of expert evidence is granted. As a result of their failure to designate expert witnesses or file expert reports as required by the Federal Rules of Civil Procedure and the orders of this Court, Plaintiffs are precluded from presenting expert evidence of any kind, including the testimony or reports of experts designated by plaintiffs in other cases coordinated in MDL No. 997 or testimony by any experts Plaintiffs may later retain, at any adjudication of their Sherman Act claims.

## CONCLUSION

For the foregoing reasons, Defendant's motion is granted. Plaintiffs in the Bob's Pharmacy, Haven Pharmacy, Lawrence Adams, Paradise Drugs, Robar One, Inc., Friendly Pharmacy, Fullerton Drug Co., Marc Glassman, Sunshine & Shadow Enterprises, and Touhy Pharmacy cases are hereby precluded from presenting expert evidence at any adjudication of their Sherman Act claims.

*Charles P. Kocoras*

Charles P. Kocoras
United States District Judge

Dated: January 9, 2001